1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANTHONY FUIMAONO,

11          Plaintiff,                    No. CIV S-08-1198 FCD EFB P

12      vs.

13   FAIRFIELD POLICE
     DEPARTMENT, et al.,
14

15          Defendants.               ORDER

16   _____/

17          Plaintiff Anthony Fuimaono, a former pretrial detainee in Solano County's Fairfield Jail,

18   filed this pro se civil rights action under 42 U.S.C. § 1983 concerning the alleged use of

19   excessive force by police in arresting him and subsequent allegedly inadequate medical

20   treatment while detained.  In addition to filing a complaint, plaintiff has filed an application to

21   proceed *in forma pauperis*.  This proceeding was referred to this court by Local Rule 302

22   pursuant to 28 U.S.C. § 636(b)(1).

23   **I.**      **Request to Proceed *In Forma Pauperis***

24          Plaintiff has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

25   Dckt. No. 3.  Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1).

26   Accordingly, plaintiff's request to proceed *in forma pauperis* will be granted.

1

**II.     Screening Order**

At the time of the filing of the complaint, plaintiff was detained at the Fairfield Jail. Accordingly, plaintiff was, at that time, a "prisoner" for purposes of 28 U.S.C. § 1915A, and this court must accordingly review his complaint under that section.  28 U.S.C. § 1915A(a) (providing that a court must review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."); *id.* at § 1915A(c) (providing that a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.")  On review under § 1915A, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them.  *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted).

Plaintiff has pled seven enumerated causes of action:  (1) "deliberate indifference" in connection with the use of allegedly excessive force to arrest him, in violation of the Fourteenth Amendment; (2) "excessive force""in violation of state law"; (3) assault and battery under California law; (4) "violation of due process" and "equal protection" in connection with plaintiff's arrest and medical treatment; (5) "failure to adequately train" on the parts of defendants City of Fairfield and Fairfield Police Chief Rainey; (6) "deliberate indifference" in connection with the allegedly inadequate medical care provided to plaintiff while housed in the jail, in violation of the "Fifth, Eighth, Ninth, and Fourteenth Amendments"; and (7) intentional infliction of emotional distress.  Plaintiff has named as defendants Fairfield Police Officer Trojanowski, Fairfield Police Chief Rainey, the City of Fairfield, and Dr. Chris.  Plaintiff further states that he "is unaware of all the defendants who violated his rights and or the proper or correct names thereto and will amend his complaint once the names, defendants and capacities have been ascertained."

The court finds that, for the limited purposes of § 1915A screening, the complaint states cognizable claims for relief:  (1) against defendants Trojanowski, City of Fairfield, and Rainey for violating his rights under the Fourth Amendment to the United States Constitution in connection with the allegedly excessive force used against him in his arrest and the policies and/or failure to train that caused such excessive force to be used; (2) against currently unknown defendants for violating his rights under the Fifth and Fourteenth Amendments for allegedly failing to provide him with adequate medical treatment; (3) against defendant Trojanowski for assault and battery in violation of California law; and (4) against defendants Trojanowski, City of Fairfield, Rainey, and currently unknown persons for intentional infliction of emotional distress under California law.

The complaint fails to state a cognizable claim for relief against any defendant for violating the Fourteenth Amendment in connection with plaintiff's arrest.  The Fourth Amendment is the exclusive source of constitutional protection against excessive force in the

1  course of arrests, investigatory stops, and other seizures; thus, such action cannot support a due

2  process claim. *Graham v. Connor*, 490 U.S. 386, 395 (1989).  Thus, plaintiff's claim of

3  unconstitutional excessive force will be construed as a claim under the Fourth Amendment.  To

4  the extent plaintiff has pled a violation of the Fourteenth Amendment's equal protection clause,

5  the court concludes that plaintiff has failed to state a cognizable claim.  Plaintiff's complaint

6  contains no allegations of discrimination.

7      The complaint also fails to state a cognizable claim for relief against any defendant for

8  violating plaintiff's right to be free from cruel and unusual punishment (through deliberate

9  indifference to his serious medical needs) under the Eighth Amendment.  As plaintiff's

10 allegations concern his pretrial detention (rather than any post-conviction incarceration), his

11 allegations of inadequate medical treatment must be analyzed under the due process clauses of

12 the Fifth and Fourteenth Amendments, rather than the Eighth Amendment. *Bell v. Wolfish*, 441

13 U.S. 520, 535 n.16 (1979).  Plaintiff additionally grounds his inadequate medical care claim in

14 the Ninth Amendment.  The court can conceive of no Ninth Amendment violation encompassed

15 by plaintiff's allegations. *See* U.S. CONST., Amend. 9 ("The enumeration in the Constitution, of

16 certain rights, shall not be construed to deny or disparage others retained by the people.")

17 Accordingly, plaintiff's claim of constitutionally inadequate medical care will be construed as a

18 claim under the due process clauses of the Fifth and Fourteenth Amendments and his Ninth

19 Amendment claim will be dismissed.

20      Plaintiff's claim of constitutionally inadequate medical care is deficient as to defendant

21 Chris, however.  Plaintiff alleges only generally that Dr. Chris failed to properly medically treat

22 plaintiff and, incomprehensibly, that

    > Plaintiff after continuous interference with plaintiff's medically prescribed
23  > medication Fexoral that repeatedly was stopped and interfered with by jail
    > medical personnel that resulted in the direct untreatment and exacerbated pain and
24  > medical informalities in trying to maintain consistent medical treatment by Solano
    > Jail medical staff, Dr. Chris.
25

26 ////

4

The court cannot divine from these allegations what plaintiff alleges Dr. Chris did or failed to do that constituted a failure to treat his medical conditions.  Accordingly, plaintiff's claims against Dr. Chris will be dismissed, and the court will grant plaintiff leave to amend the complaint to attempt again to state a cause of action against Dr. Chris.  No other defendant is identified in the complaint as having interfered with plaintiff's medical treatment or otherwise causing him to suffer constitutionally inadequate medical care.  The court recognizes that other jail staff, whose identities are currently unknown to plaintiff, may have interfered with plaintiff's medical treatment.  As plaintiff has stated facts supporting a claim under the Fifth and Fourteenth Amendments for inadequate medical treatment, the court advises plaintiff to seek leave to amend the complaint when the identities of such defendants are discovered.

Lastly, the complaint fails to state a cognizable state-law based "excessive force" claim separate from the state law assault and battery and intentional infliction of emotional distress claims.  Plaintiff has not identified the law, separate from those tort doctrines, under which his state-law "excessive force" claim is brought.

Plaintiff may proceed forthwith to serve defendants Trojanowski, Rainey, and City of Fairfield with the complaint as narrowed by this order or he may delay serving any defendant and attempt to state cognizable claims under the Ninth Amendment, the equal protection clause of the Fourteenth Amendment, state law governing "excessive force," and/or against defendant Chris for violating the due process clauses of the Fifth and Fourteenth Amendment for failing to provide adequate medical care.

If plaintiff elects to attempt to amend his complaint, he has 30 days so to do.  He is not obligated to amend his complaint.  However, if plaintiff elects to proceed forthwith with the complaint as narrowed by this order, then within 30 days he must return materials for service of process enclosed herewith.  In this event the court will construe plaintiff's election as consent to dismissal without prejudice of plaintiff's claims under the Ninth Amendment, the equal protection clause of the Fourteenth Amendment, state law governing "excessive force," and

5

against defendant Chris for violating the due process clauses of the Fifth and Fourteenth Amendment for failing to provide adequate medical care, and defendant Chris will be dismissed from the action.

Any amended complaint must adhere to the following requirements:

It must be complete in itself without reference to any prior pleading.  E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the prior pleading is superseded.

It must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

The complaint must contain a caption including the name of the court and the names of all parties.  Fed. R. Civ. P. 10(a).

Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  Unrelated claims against different defendants must be pursued in multiple lawsuits.  "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit

1   produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation

2   Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file

3   without prepayment of the required fees.  28 U.S.C. § 1915(g).”  *George v. Smith*, 507 F.3d 605,

4   607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless

5   both commonality and same transaction requirements are satisfied).  Plaintiff may not change the

6   nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d

7   at 607 (no “buckshot” complaints).

8        The allegations must be short and plain, simple and direct and describe the relief plaintiff

9   seeks.  Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v.*

10  *County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).  A long, rambling pleading,

11  including many defendants with unexplained, tenuous or implausible connection to the alleged

12  constitutional injury or joining a series of unrelated claims against many defendants very likely

13  will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing

14  plaintiff’s action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of

15  these instructions.

16       Plaintiff must sign the complaint.  Fed. R. Civ. P. 11(a).  By signing an amended

17  complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his

18  allegations and that for violation of this rule the court may impose sanctions sufficient to deter

19  repetition by plaintiff or others.  Fed. R. Civ. P. 11.

20       Accordingly, the court hereby orders that:

21       1.  Plaintiff’s request to proceed *in forma pauperis* is granted.

22       2.  Plaintiff’s claims under the Ninth Amendment, the equal protection clause of the

23  Fourteenth Amendment, state law governing “excessive force,” and against defendant Chris for

24  violating the due process clauses of the Fifth and Fourteenth Amendment for failing to provide

25  adequate medical care are dismissed with leave to amend.  Within 30 days of service of this

26  order, plaintiff may amend his complaint to attempt to state cognizable claims for denial of these

1    rights.  Plaintiff is not obligated to amend his complaint.

2         4.  The allegations in the pleading are sufficient at least to state cognizable claims: (1)

3    against defendants Trojanowski, City of Fairfield, and Rainey for violating his rights under the

4    Fourth Amendment to the United States Constitution in connection with the allegedly excessive

5    force used against him in his arrest and the policies and/or failure to train that caused such

6    excessive force to be used; (2) against currently unknown defendants for violating his rights

7    under the Fifth and Fourteenth Amendments for allegedly failing to provide him with adequate

8    medical treatment; (3) against defendant Trojanowski for assault and battery in violation of

9    California law; and (4) against defendants Trojanowski, City of Fairfield, Rainey, and currently

10   unknown persons for intentional infliction of emotional distress under California law.  *See* 28

11   U.S.C. § 1915A.  Service is therefore currently appropriate for defendants Trojanowski, Rainey,

12   and City of Fairfield.  With this order the Clerk of the Court shall provide to plaintiff a blank

13   summons, a copy of the amended complaint filed October 23, 2008, three USM-285 forms and

14   instructions for service of process on defendants.  Within 30 days of service of this order

15   plaintiff may return the attached Notice of Submission of Documents with the completed

16   summons, the completed USM-285 forms, and four copies of the October 23, 2008 amended

17   complaint.  The court will transmit them to the United States Marshal for service of process

18   pursuant to Rule 4 of the Federal Rules of Civil Procedure.  Defendants will be required to

19   respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules

20   of Civil Procedure.  In this event, the court will construe plaintiff's election to proceed forthwith

21   as consent to an order dismissing his defective claims without prejudice.

22        5.  Failure to comply with this order will result in a recommendation that this action be

23   dismissed.

24   Dated:  June 17, 2010.

                                                    EDMUND F. BRENNAN
25                                                  UNITED STATES MAGISTRATE JUDGE

26

                                                    8

1
2
3
4
5
6
7
8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANTHONY FUIMAONO,

11              Plaintiff,                    No. CIV S-08-1198 FCD EFB P

12        vs.

13   FAIRFIELD POLICE
14   DEPARTMENT, et al.,

15              Defendants.              NOTICE OF SUBMISSION OF DOCUMENTS

16   _____/

17        Plaintiff hereby submits the following documents in compliance with the court's order

18   filed _____:

19              ___1___        completed summons form

20              ___3___        completed forms USM-285

21              ___4___        copies of the February 5, 2008 Complaint

22   Dated:

23                                    _____
                                                   Plaintiff
24

25

26

                                              9